E-filed on: 07/29/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW SMITH COMPANY, a general partnership,<br><br>Plaintiff,<br><br>v.<br><br>PAUL'S PAK, INC.; PREMIUM FRESH FARMS, LLC; PDP & ASSOCIATES, LLC; AG HARVESTING & TECHNOLOGIES, LLC; ESV INVESTMENTS, LLC; SALVADOR PAUL TARANTINO; PAUL S. TARANTINO; JOHN L. SIMMONS; EMMIT L. PFOST; JACK PARSON; STEVEN A. CINELLI; JOHN D. TAMAGNI; ROBERT ELLIOTT; JAMES S. TAMAGNI; RICHARD TAMAGNI; STEVE CHURCH; THOMAS CHURCH; DAVID GILL; CHURCH BROTHERS, LLC; and TRUE LEAF FARMS, LLC,<br><br>Defendants. | No. C-08-04802 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS<br><br>**[Re Docket No. 94]** |

Plaintiff Andrew Smith Company ("Andrew Smith") has sued a network of defendants because Andrew Smith has not been paid for over three million dollars worth of lettuce. On March 20, 2009, the court granted a motion to dismiss by a subset of defendants – Steve Church, Thomas Church, David Gill, Church Brothers, LLC ("Church Brothers"), and True Leaf Farms, LLC ("True Leaf") (collectively, "Church Defendants"). Andrew Smith has filed its Second Amended Complaint ("SAC"), and the Church Defendants again move to dismiss. Andrew Smith opposes the

ORDER GRANTING MOTIONS TO DISMISS — No. C-08-04802 RMW
JAS

motion. The court has reviewed the papers and considered the arguments of counsel. For the following reasons, the court grants in part and denies in part the motion to dismiss.

## I. BACKGROUND

The facts are set forth in this court's previous order granting the Church Defendants' motion to dismiss. *See Andrew Smith Co. v. Paul's Pak*, 2009 WL 765687, *1-*2 (N.D. Cal. 2009). Andrew Smith entered into contracts to sell lettuce to Paul's Pak and Premium Fresh in 2005, 2006, and 2008. *Id.* at *1. In 2007 Premium Fresh entered into two separate agreements with True Leaf Farms to produce, and Church Brothers to market, Premium Fresh's pre-made salads. *Id.* Andrew Smith contends in this lawsuit that Church Brothers took control of Premium Fresh and Paul's Pak, and thus are liable for fiduciary breaches under the Perishable Agricultural Commodities Act ("PACA").

## II. ANALYSIS

The Church Defendants again move to dismiss all of the claims alleged against them. The court addresses each in turn.

### A.   Claim 4 – Disgorgement of PACA Trust Assets

Andrew Smith's fourth claim seeks the disgorgement of the value of its produce that gave rise to a PACA trust when Andrew Smith sold the produce to Paul's Pak, Premium Fresh and AG Harvesting. SAC ¶¶ 84-86. The Church Defendants argue that these allegations misunderstand the law, arguing that because none of the Church Defendants were officers, directors, or shareholders of Paul's Pak or Premium Fresh, they cannot be held individually liable for those entities' breach of any PACA trust obligations.

In *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997) the Ninth Circuit held that "individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act." A PACA trust, the court wrote, "in effect imposes liability on a trustee, whether a corporation or a controlling person of that corporation, who uses the trust assets for any purpose other than repayment of the supplier." *Id.* Although *Sunkist Growers* does not set forth the exact parameters of control necessary to satisfy the standard, Andrew Smith here pleads

facts sufficient to state a claim that the Church Defendants exerted officer-like control over the actions of Paul's Pak and Premium Fresh.

Plaintiff alleges in the SAC that between November of 2007 and February of 2008, employees and an owner of Premium Fresh began working in the offices of Church Brothers. SAC ¶ 41. On February 4, 2008, Paul's Pak, Premium Fresh, and the Church Brothers entered into the February Marketing Amendment. *Id.* ¶ 44. That agreement begins: "Church Brothers is acting on behalf of Premium Fresh Farms in the marketing and accounting for their products. Church Brothers agrees to provide Premium Fresh a base distribution of $25,000 per week beginning with the 1/05/08 production block payment." *Id.*; Ex. 12. The agreement also provides that if the agreement terminates for any reason, Church Brothers will first pay "all vendors except" Paul's Pak from the Premium Fresh proceeds before remitting the remaining proceeds to Premium Fresh, who would then pay Paul's Pak. *Id.* Paul's Pak agreed to waive its rights under PACA. *Id.*

The SAC also alleges that when Premium Fresh and Paul's Pak ceased doing business, meetings were held at Church Brother's offices between Andrew Smith, Paul's Pak, Premium Fresh, True Leaf, and Church Brothers. At those meetings, the Church Defendants "declared that various customers had needs for lettuce and that it was imperative that [Andrew Smith] continue to supply lettuce to Paul's Pak to ensure that these customer demands were met." SAC ¶ 49. In April, May, and June of 2008, Church Brothers, True Leaf, and Thomas Church contacted Andrew Smith directly requesting produce "to fulfill Premium Fresh's contractual obligations." *Id.* ¶¶ 51-52. On the basis of these allegations, Andrew Smith contends that the Church Defendants had assumed control over the operations of Premium Fresh and Paul's Pak.

The court concludes that the facts alleged in the SAC sufficiently plead that the Church Defendants were controlling the operations of Premium Fresh and Paul's Pak. In their reply, the Church Defendants argue that the facts alleged were merely performed pursuant to the February Marketing Agreement and do not show that the Church Defendants controlled Paul's Pak and Premium Fresh. The Church Defendants may ultimately be correct, but the facts as alleged in the SAC state a plausible claim for relief, and the motion to dismiss is therefore denied.

**B.     Derivative State Law Claims**

The Church Defendants also move to dismiss Andrew Smith's seventh claim for unjust enrichment, eighth claim for conversion, and ninth claim for breach of fiduciary duty. These claims are derivative of the PACA claim considered above. Because the court denies the motion to dismiss plaintiff's PACA claim, the motion to dismiss the unjust enrichment, conversion, and breach of fiduciary duty claims is also denied.

### C. Claims 9, 10 and 11 – Fiduciary Fraud, Fraudulent Concealment, and Fraudulent Misrepresentation

Andrew Smith's ninth, tenth and eleventh claims allege fiduciary fraud, fraudulent concealment, and fraudulent misrepresentation. The Church Defendants move to dismiss on the basis that the amended complaint does not state the circumstances of the purported frauds with particularity, as required by Federal Rule of Civil Procedure 9(b).

In opposition, Andrew Smith points to its allegations in paragraphs 43 and 46-49. In paragraph 43, the SAC states that the Church Defendants insisted, as part of the February Marketing Agreement, that Paul's Pak waive its rights under PACA. SAC ¶ 43. The SAC also states that defendant Salvador Tarantino advised Church Brothers that Andrew Smith was the real party in interest with respect to the waiver of Paul's Pak's PACA rights. *Id.* ¶ 48. Furthermore, Tarantino stated that Andrew Smith would not agree, and would terminate the relationship with Paul's Pak, if it were told about the waiver of rights in the February Marketing Agreement. *Id.* On this basis, defendants "agreed that the nature of the relationship between Paul's Pak, Premium Fresh, Church Brothers, and True Leaf would be misrepresented to [Andrew Smith] in an effort to induce [Andrew Smith] to continue supplying produce to Paul's Pak." *Id.*

Under California law, a claim for fraud requires the following elements: (1) misrepresentation such as false representation, concealment or nondisclosure; (2) knowledge of falsity; (3) intent to defraud or induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 637 (1996). The allegation that, during their interaction 2007 and 2008, Church Brothers concealed and/or misrepresented the nature of the relationship between it, Paul's Pak, and Premium Fresh adequately pleads a claim for fraud with particularity.

### D. Claims 12 and 13 - Intentional and Negligent Interference with Contractual Relationship

ORDER GRANTING MOTIONS TO DISMISS — No. C-08-04802 RMW
JAS                                             4

1    Andrew Smith's twelfth and thirteenth cause of action seek claim that Church Brothers, in
2 demanding that Paul's Pak waive its PACA rights to payment for produce sourced from Andrew
3 Smith, unlawfully interfered with the existing contractual relationship between Andrew Smith and
4 Paul's Pak.

5    The elements which a plaintiff must plead to state the cause of action for intentional
6 interference with contractual relations are "(1) a valid contract between plaintiff and a third party;
7 (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a
8 breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual
9 relationship; and (5) resulting damage." *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal.4th
10 26, 55 (1998).  Here, Andrew Smith alleges that the Church Defendants demanded a waiver of
11 Paul's Pak's PACA rights, knowing of the contractual relationship between Paul's Pak and Andrew
12 Smith.  SAC ¶ 131.  But there is no allegation that the demanded waiver was intended to interfere
13 with the existing contract between Andrew Smith and Paul's Pak.  Indeed, the complaint states that
14 the Church Defendants intended to give their own creditors priority over payments to Paul's Pak
15 with proceeds from the sales of produce.  SAC ¶ 132.  The waiver of PACA rights over the produce
16 proceeds do not appear designed to cause a breach of Paul's Pak's obligations under its contract with
17 Andrew Smith.  *See* SAC Ex. 4. The effect on the contract appears therefore to have been incidental
18 to the waiver of PACA rights.  Andrew Smith has thus failed to state a claim for intentional
19 interference with contract.

20    In California, there is no cause of action for negligent interference with contract.  *Davis v.*
21 *Nadrich*, 174 Cal.App.4th 1, 9-10 (Cal. App. 2009) (citing *Fifield Manor v. Finston,* 54 Cal.2d 632
22 (1960)).  Andrew Smth argues that the California Supreme Court has questioned *Fifield* in *J'Aire*
23 *Corp. v. Gregory*, 24 Cal.3d 799, 804 (1979).  But the court in *Davis* conclusively rejected that
24 argument, writing that "although some may question the continuing validity of *Fifield*, in light of the
25 California Supreme Court's recognition in *J'Aire* of a cause of action for negligent interference with
26 prospective economic advantage" the Court has "never overruled *Fifield*, [and] we are bound by it."
27 *Davis*, 174 Cal.App.4th at 9-10.
28    **E.    Claim 14 – Breach of Third Party Beneficiary Contract**

ORDER GRANTING MOTIONS TO DISMISS — No. C-08-04802 RMW
JAS                                         5

Andrew Smith's fourteenth claim is for breach of a third party beneficiary contract. The alleged contracts are the agreements between True Leaf and Premium Fresh and Church Brothers and Premium Fresh. Andrew Smith's complaint appears to be that these defendants have breached their contracts with Premium Fresh by not remitting the outstanding million dollars in accounts receivable to Premium Fresh, which would in turn remit those monies to Paul's Pak and Andrew Smith. Thus, Andrew Smith claims that it is an intended beneficiary of Premium Fresh's contracts with these defendants.

California law permits a third party to enforce a contract "made expressly for the benefit of a third person[.]" Cal. Civ. Code § 1559; *Brinton v. Bankers Pension Services, Inc.*, 76 Cal. App. 4th 550, 558-59 (1999). The third-party beneficiary inquiry turns on the intent of the contracting parties, and that "intent which must appear in the terms of the agreement." *Brinton*, 76 Cal. App. 4th at 558. Even drawing all inferences in Andrew Smith's favor, Premium Fresh's contracts with True Leaf and Church Brothers were not entered into to benefit Andrew Smith; they were entered into to benefit Premium Fresh. These contracts had the incidental benefit of making Premium Fresh money from the sale of its packaged salads, which Premium Fresh could then use to pay Andrew Smith. But the court cannot discern where in the oral agreement with True Leaf or the written agreement with Church Brothers that Premium Fresh expressed an intent to enter the contracts for Andrew Smith's benefit. Accordingly, the court grants the motion to dismiss.

### E.     Leave to Amend

Andrew Smith requests leave to amend any claim for which the court grants the motion to dismiss. The court above dismisses the claims for contractual interference and breach of a third party beneficiary contract. Leave to amend on these claims appears to be futile as plaintiff has had previous opportunities to amend and has not been able to state a claim upon which relief can be granted. Therefore, the twelfth, thirteenth, and fourteenth claims are dismissed without leave to amend.

\\

\\

\\

ORDER GRANTING MOTIONS TO DISMISS — No. C-08-04802 RMW
JAS                                                                              6

### III. ORDER

For the foregoing reasons, the court:

1) grants the Church Defendants motion to dismiss Andrew Smith's twelfth, thirteenth, and fourteenth claims for contractual interference and breach of a third party beneficiary contract with prejudice.

2) denies the motion to dismiss in all other respects.

DATED:   07/24/09

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Andrew Smith Company:**

| | |
|---|---|
| Jan Leslie Kahn | jkahn@kschanford.com |
| Ann Marguerite Grottveit | agrottveit@kscsacramento.com |

**Counsel for the Church Defendants:**

| | |
|---|---|
| Edward William Smithers | ews@smitherslf.com |
| Mary Ann O'Hara | mao@smitherslf.com |

**Counsel for Paul's Pak defendants:**

Effie F. Anastassiou                    effieesq@salinasaglaw.com

**Dated:**   07/29/09                              JAS

                                        **Chambers of Judge Whyte**