IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW SMITH COMPANY, a general partnership, <br><br> Plaintiff, <br><br> v. <br><br> PAUL'S PAK, INC.; PREMIUM FRESH FARMS, LLC; PDP & ASSOCIATES, LLC; AG HARVESTING & TECHNOLOGIES, LLC; ESV INVESTMENTS, LLC; SALVADOR PAUL TARANTINO; PAUL S. TARANTINO; JOHN L. SIMMONS; EMMIT L. PFOST; JACK PARSON; STEVEN A. CINELLI; JOHN D. TAMAGNI; ROBERT ELLIOTT; JAMES S. TAMAGNI; RICHARD TAMAGNI; STEVE CHURCH; THOMAS CHURCH; DAVID GILL; CHURCH BROTHERS, LLC; and TRUE LEAF FARMS, LLC, <br><br> Defendants. | No. C-08-04802 RMW <br><br> ORDER GRANTING MOTION TO DISMISS <br><br> **[Re Docket No. 122]** |

Plaintiff Andrew Smith Company ("Andrew Smith") has sued a network of defendants because it has not been paid for over three million dollars worth of lettuce. Defendant Paul's Pak, Inc. ("Paul's Pak") has counterclaimed against a subset of defendants including Church Brothers, LLC ("Church Brothers") and True Leaf Farms, LLC ("True Leaf") (collectively, "Church Defendants"). The Church Defendants now move to dismiss Paul's Pak's counterclaims against them. For the following reasons, the court grants the motion to dismiss.

ORDER GRANTING MOTIONS TO DISMISS — No. C-08-04802 RMW
JAS

**United States District Court**
For the Northern District of California

1

## I. BACKGROUND

2    The facts are set forth in this court's previous order granting the Church Defendants' motion

3 to dismiss. *See Andrew Smith Co. v. Paul's Pak*, 2009 WL 765687, \*1-\*2 (N.D. Cal. 2009).

4 Andrew Smith entered into contracts to sell lettuce to Paul's Pak and defendant Premium Fresh

5 Farms, LLC ("Premium Fresh") in 2005, 2006, and 2008. *Id.* at \*1.  In 2007 Premium Fresh entered

6 into two separate agreements with True Leaf Farms to produce, and Church Brothers to market,

7 Premium Fresh's pre-made salads. *Id.*  Andrew Smith contends in this lawsuit that Church Brothers

8 took control of Premium Fresh and Paul's Pak, and thus are liable for fiduciary breaches under the

9 Perishable Agricultural Commodities Act ("PACA").   In its First Amended Counterclaim, Paul's

10 Pak brings a litany of claims against the Church Defendants, including breach of fiduciary duties

11 under PACA, breach of contract, and an assortment of other state-law claims.

12    On February 4, 2008, Church Brothers, Paul's Pak, and Premium Fresh entered into a waiver

13 agreement which provided that: "Church Brothers will not be responsible for any unpaid Paul's Pak

14 raw product invoices.  Paul's Pak will waive all PACA rights related to these unpaid invoices and

15 will agree that such invoices will be collected from Premium Fresh directly."  Second Amended

16 Complaint ("SAC") Ex. 12.  The Church Defendants assert that Paul's Pak waived many of its

17 counterclaims, and that any not waived are not properly pled.

18

## II. ANALYSIS

19    The Church Defendants again move to dismiss all of Paul's Pak's counterclaims against them.

20 The central issue in the present motion is the validity of the waiver agreement and, if valid, which of

21 Paul's Pak's counterclaims are waived.  The court concludes that the waiver is valid and that it

22 covers many of Paul's Pak's counterclaims against the Church Defendants.  The remaining

23 counterclaims are not adequately pled.

24    **A.    The February 4, 2008 Waiver is Valid**

25    Paul's Pak contends that the waiver is invalid because Sal Tarantino signed it on behalf of

26 Paul's Pak under economic duress.  Under the waiver agreement Church Brothers was to make

27 payments of $25,000 to Premium Fresh.  Paul's Pak states that it "desperately needed Church

28

ORDER GRANTING MOTIONS TO DISMISS — No. C-08-04802 RMW
JAS                                                                     2

1  Brothers to make payments to Premium Fresh for produce, so that Premium Fresh could in turn

2  remit payments to Paul's Pak." Paul's Pak Opp. 6.

3      Paul's Pak's First Amended Counterclaim fails to plead facts that show the waiver agreement

4  was signed under economic duress. "Economic duress occurs when a person subject to a wrongful

5  act, such as a threat to withhold payment of an acknowledged debt, must succumb to the demands of

6  the wrongdoer or else suffer financial ruin." *Sheehan v. Atlanta Intern. Ins. Co.*, 812 F.2d 465, 469

7  (9th Cir. 1987) (citing *Rich & Whillock, Inc. v. Ashton Dev., Inc.*, 157 Cal.App.3d 1154, 1158-59

8  (1984)). The wrongful act must be "sufficiently coercive to cause a reasonably prudent person faced

9  with no reasonable alternative to succumb to the perpetrator's pressure." *Id.* Paul's Pak points to

10 paragraphs 48 and 81 of its First Amended Counterclaim as setting forth the basis for economic

11 duress, but those paragraphs states only the legal conclusion that the waiver agreement was signed

12 under duress. The counterclaim includes no basis for concluding that the agreement to pay $25,000

13 a week for the waiver was a wrongful act. The court therefore concludes that Paul's Pak has failed

14 to adequately plead that the waiver was coerced.

15  **B.     The Waiver Covers Paul's Pak's Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Fifteenth, Sixteenth, and Seventeenth Claims for**

16     **Relief**

17     Under the February 4, 2008 waiver, Paul's Pak agreed first that "Church Brothers will not be

18 responsible for any unpaid Paul's Pak raw product invoices." SAC Ex. 12. Second, Paul's Pak

19 waived "all PACA rights related to these unpaid invoices and will agree that such invoices will be

20 collected from Premium Fresh directly." *Id.* Paul's Pak does not dispute that the waiver, if valid,

21 renders Paul's Pak's second (breach of contract), fourth (enforcement of trust rights under PACA),

22 sixth (failure to account under PACA), seventh (injunctive relief pursuant to PACA), ninth (unjust

23 enrichment for failure to pay under supply agreement), and eleventh (conversion arising out of

24 supply agreement) causes of action subject to dismissal. *See* Paul's Pak Opp. 8 at 14-17. As for

25 Paul's Pak's third and fifth causes of action, which are based on PACA rights with respect to

26 Premium Fresh produce, the parties dispute whether contractual privity exists such that the Church

27 Defendants bear fiduciary duties to Paul's Pak under PACA. However, even if privity exists, any

28

1  PACA rights that Paul's Pak had against the Church Defendants appear clearly within the scope of

2  Paul's Pak's waiver of PACA rights. Paul's Pak's third and fifth claims are therefore dismissed.

3  Next, Paul's Pak's eighth and eleventh causes of action for unjust enrichment and conversion

4  seek compensation for product invoices that Premium Fresh has not paid. And Paul's Pak's fifteenth

5  and sixteenth claims seek the same compensation, based on the theory that Paul's Pak was a third

6  party beneficiary of the marketing agreement between Church Brothers and Premium Fresh.

7  Finally, Paul's Pak's seventeenth claim for indemnification is based on payments it contends are

8  owed by the Church Defendants. Each of these claims is encompassed by the waiver's statement

9  that "Church Brothers will not be responsible for any unpaid Paul's Pak raw product invoices."

10  **C.    Paul's Pak's Interference Claims Do Not Allege a Wrongful Act**

11  The basis for Paul's Pak's interference claim is that the Church Defendants purportedly

12  coerced Paul's Pak into signing the waiver agreement, which allegedly interfered with Paul's Pak's

13  supply agreement with Andrew Smith. Paul's Pak must plead an act in interference that is "wrongful

14  by some measure beyond the fact of the interference itself." *Della Penna v. Toyota Motor Sales,*

15  *U.S.A., Inc.*, 11 Cal.4th 376, 939 (1995). Paul's Pak fails to adequately allege facts that show the

16  waiver was uunlawfully coerced, and therefore the counterclaim includes no independently wrongful

17  act to serve as the basis for a claim for interference with contract.

18  As for the fourteenth claim, there is no cause of action for negligent interference with

19  contract in California. *Davis v. Nadrich*, 174 Cal.App.4th 1, 9-10 (Cal. App. 2009) (citing *Fifield*

20  *Manor v. Finston,* 54 Cal.2d 632 (1960)).

21  **III.  ORDER**

22  For the foregoing reasons, the court grants the Church Defendants motion to dismiss all

23  claims Paul's Pak asserts against them   Paul's Pak shall have 20 days leave to amend, if it can do so

24  in good faith.

25

26  DATED:     11/13/09

27  RONALD M. WHYTE
   United States District Judge

28

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Jan Leslie Kahn                              jkahn@kschanford.com
Ann Marguerite Grottveit                     agrottveit@kscsacramento.com

**Counsel for Defendants:**

Edward William Smithers                      ews@smitherslf.com
Mary Ann O'Hara                              mao@smitherslf.com
Effie F. Anastassiou                         effieesq@salinasaglaw.com
Clyde Charles Pearce                         ccp@clydepearcelaw.com
Stephen P. McCarron                          smccarron@mccarronlaw.com


**Dated:**  11/13/09                                      CCL

                                            **Chambers of Judge Whyte**

United States District Court

For the Northern District of California