**E-FILED on** 3/8/10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ANDREW SMITH COMPANY, a general partnership,<br><br>Plaintiff,<br><br>v.<br><br>PAUL'S PAK, INC.; PREMIUM FRESH FARMS, LLC; PDP & ASSOCIATES, LLC; AG HARVESTING & TECHNOLOGIES, LLC; ESV INVESTMENTS, LLC; SALVADOR PAUL TARANTINO; PAUL S. TARANTINO; JOHN L. SIMMONS; EMMIT L. PFOST; JACK PARSON; STEVEN A. CINELLI; JOHN D. TAMAGNI; ROBERT ELLIOTT; JAMES S. TAMAGNI; RICHARD TAMAGNI; STEVE CHURCH; THOMAS CHURCH; DAVID GILL; CHURCH BROTHERS, LLC; and TRUE LEAF FARMS, LLC,<br><br>Defendants. | No. C-08-04802 RMW<br><br>ORDER DENYING MOTION TO DISMISS PAUL'S PAK, INC.'S SECOND AMENDED COUNTERCLAIM AND FOR SANCTIONS<br><br>**[Re Docket Nos. 146, 150]** |

Plaintiff Andrew Smith Company ("Andrew Smith") has sued a network of defendants because it has not been paid for over three million dollars worth of lettuce. Defendant Paul's Pak, Inc. ("Paul's Pak") has counterclaimed against a subset of defendants including Church Brothers, LLC ("Church Brothers") and True Leaf Farms, LLC ("True Leaf") (collectively, "Church

Defendants"). The Church Defendants now move to dismiss Claims Two through Sixteen of Paul's Pak's Second Amended Counterclaim ("SAC") as asserted against them. In addition, the Church Defendants move for sanctions under Federal Rule of Civil Procedure 11. For the following reasons, the court denies the motion to dismiss Counts Two through Twelve and Counts Fourteen through Sixteen, defers ruling on the motion to dismiss Count Thirteen (intentional interference with contract), and denies the motion for sanctions.

# I. BACKGROUND

The following facts are alleged in Paul's Pak's SAC. Beginning in 2005, Andrew Smith entered into contracts to sell lettuce to Paul's Pak, who in turn supplied lettuce ("Premium Produce") to defendant Premium Fresh Farms, LLC ("Premium Fresh"). SAC ¶¶ 9, 10. In 2007, Premium Fresh entered into two separate agreements with True Leaf Farms to process and package, and Church Brothers to market and sell, Premium Fresh's pre-made salads. *Id.* at ¶¶ 11-13. Under the terms of the marketing agreement, Church Brothers was required to remit net proceeds to Premium Fresh. *Id.* at ¶ 13. On or about November 7, 2007, Paul's Pak also entered into a written contract directly with Church Brothers ("Church Contract") to supply Church Brothers directly with lettuce ("Church Produce"). *Id.* at ¶ 14. Under the terms of the Church Contract, Church Brothers was required to pay Paul's Pak directly for the Church Produce. *Id.*

On or about February 4, 2008, defendant Salvador Tarantino signed a waiver agreement, purportedly on behalf of both Paul's Pak and Premium Fresh, which provided that: "Church Brothers will not be responsible for any unpaid Paul's Pak raw product invoices. Paul's Pak will waive all PACA rights related to these unpaid invoices and will agree that such invoices will be collected from Premium Fresh directly." *Id.* at ¶¶ 18, 27; First Am. Compl. Ex. 12.

Church Brothers failed to pay Premium Fresh over $1 million that it received from Premium Fresh salads. SAC ¶¶ 13, 17. As a result, Premium Fresh went out of business and failed to pay Paul's Pak over $1 million that it owed Paul's Pak. *Id.* Church Brothers has also failed to pay almost half a million dollars owed directly to Paul's Pak under the Church Contract. *Id.* at ¶ 17.

In its First Amended Counterclaim ("FAC"), Paul's Pak brought a litany of claims against the Church Defendants, including breach of fiduciary duties under the Perishable Agricultural

Commodities Act ("PACA"), breach of contract, and an assortment of other state-law claims. On November 9, 2009, this court granted the Church Defendants' motion to dismiss Paul's Pak's FAC with leave to amend.

In its SAC, Paul's Pak re-alleges fifteen out of sixteen of the same counterclaims alleged in the FAC against the Church Defendants. In particular, Paul's Pak alleges the following counts against the Church Defendants: (2) breach of contract, (3) disgorgement of PACA trust assets - for Premium Produce, (4) disgorgement of PACA trust assets - for Church Produce, (5) violation of PACA - for Premium Produce, (6) violation of PACA - for Church Produce, (7) injunctive relief, (8) unjust enrichment - for Premium Produce, (9) unjust enrichment - for Church Produce, (10) conversion - for Premium Produce, (11) conversion - for Church Produce, (12) fiduciary fraud and constructive trust, (13) intentional interference with contract, (14) breach of third party beneficiary contract, (15) violation of the California Food and Agricultural Code, and (16) indemnification.

The Church Defendants again move to dismiss these counterclaims against them.

## II. ANALYSIS

In this court's November 9, 2009 order dismissing Paul's Pak's FAC, the court found that the FAC failed to plead facts showing that the February 4, 2008 waiver agreement was signed under economic duress. Because the FAC failed to present a basis for invalidating the waiver agreement, and it appeared that nearly all of Paul's Pak's counterclaims against the Church Defendants fell within the scope of the waiver agreement, the court dismissed those counterclaims.

The Church Defendants now seek to dismiss the counterclaims alleged against them in the SAC. The Church Defendants contend that dismissal of Counts Two through Twelve and Fourteen through Sixteen is appropriate because: (1) the SAC still fails to plead facts showing that the waiver agreement was signed under economic duress and (2) these counterclaims are within the scope of the waiver agreement. In response, Paul's Pak argues that: (1) whether the waiver is valid and enforceable should not be resolved on a motion to dismiss, (2) the waiver is not valid, and (3) even if the waiver were valid, the counterclaims based on Church Produce are outside the scope of the waiver.

The Church Defendants also seek dismissal of Count Thirteen (intentional interference with contract), contending that the SAC fails to plead an independent wrongful act, as required for an interference claim.

### A. Determination on a Motion to Dismiss

On a motion to dismiss, the court must determine whether the facts alleged in the SAC, viewed in the light most favorable to Paul's Pak, state a claim for which relief can be granted. *See Moss v. United States Secret Service*, 572 F.3d 962, 967 (9th Cir. 2009). In accordance with this standard, the court need not determine whether the waiver agreement is actually valid. It would likely be premature to make such a finding at this stage in the pleadings.[1] Instead, the court need only determine whether Paul's Pak's counterclaims are necessarily precluded, assuming the facts alleged in the SAC to be true and viewing them in the light most favorable to Paul's Pak.

Paul's Pak's counterclaims against the Church Defendants would be necessarily precluded and thus subject to dismissal if, viewing the facts alleged in the SAC in the light most favorable to Paul's Pak: (1) there is a valid waiver, and (2) these counterclaims fall within the scope of the waiver. The court therefore examines the factual allegations in the SAC to determine whether they are sufficient to establish either a basis for invalidating the waiver or that certain counterclaims are outside the scope of the waiver.

### B. Allegations Regarding Validity of the Waiver

Paul's Pak contends that the SAC contains sufficient factual allegations to find the waiver invalid on the following bases: (1) it was signed under economic duress; (2) the agreement lacked consideration; and (3) it was not executed in compliance with PACA regulations.

"Economic duress occurs when a person subject to a wrongful act, such as a threat to withhold payment of an acknowledged debt, must succumb to the demands of the wrongdoer or else

---

[1] The court did not intend to suggest in its November 9, 2009 order that it had found the disputed waiver to be valid. Rather, the court intended only to indicate that, based on the facts alleged in the FAC, Paul's Pak had failed to state a basis for invalidating the waiver (and consequently, Paul's Pak had failed to state a counterclaim against the Church Defendants for which relief could be granted). The court recognized that Paul's Pak could potentially amend its allegations to state facts showing that the waiver was invalid and thus granted leave to amend.

suffer financial ruin." *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 469 (9th Cir. 1987) (citing *Rich & Whillock, Inc. v. Ashton Dev., Inc.*, 157 Cal. App. 3d 1154, 1158-59 (1984)). The wrongful act must be "sufficiently coercive to cause a reasonably prudent person faced with no reasonable alternative to succumb to the perpetrator's pressure." *Id.*

In the SAC, Paul's Pak alleges that the Church Defendants threatened to breach the marketing agreement between Premium Fresh and Church Brothers and implicitly threatened to breach the processing agreement between Premium Fresh and True Leaf if Premium Fresh and Paul's Pak did not sign the waiver agreement. SAC ¶ 23. According to Paul's Pak, the payments which the Church Brothers made to Premium Fresh under its marketing agreement were needed for Premium Fresh to continue operations and to pay Paul's Pak for the lettuce it supplied. *Id.* Moreover, at the time the Church Defendants demanded execution of this waiver agreement, Paul's Pak was on the verge of going out of business as a result of Premium Fresh's repeated failure to pay Paul's Pak for the lettuce it supplied. *Id.* at ¶ 26. The SAC alleges that Premium Fresh's repeated failure to pay Paul's Pak was caused, in part, by the Church Defendants' withholding of net proceeds from salad sales from Premium Fresh in violation of their marketing agreement. *Id.* at ¶ 13, 26. Thus, Paul's Pak's survival was dependent on Premium Fresh's ability to pay Paul's Pak what it was owed. Salvador Tarantino, an officer, director, and owner of Paul's Pak, signed the waiver believing that he had no other option to keep Paul's Pak afloat. *Id.* at ¶¶ 26-27.

Viewing the allegations in the SAC in the light most favorable to Paul's Pak, the court finds that Paul's Pak has pled sufficient facts to establish economic duress as a basis for invalidating the waiver. The SAC contains factual allegations showing both the existence of wrongful acts by the Church Defendants (both the threats to breach existing agreements and the past breaches of contract) and that Paul's Pak was forced to succumb to the Church Defendants' demands or else suffer financial ruin. The alleged wrongful acts involved the breach (or threatened breach) of agreements between the Church Defendants and Premium Fresh, rather than between the Church Defendants and Paul's Pak; however, because Paul's Pak depended upon payments from Premium Fresh for survival, these wrongful acts were sufficiently coercive to cause a reasonably prudent person faced with no reasonable alternative to succumb to the Church Defendants' pressure.

Because the SAC adequately pleads facts showing that the waiver was signed under economic duress, the court need not address Paul's Pak's other asserted bases for invalidating the waiver, nor is there a need to determine which counterclaims fall within the scope of the waiver.

### C. Intentional Interference with Contract

In Count Thirteen of the SAC, Paul's Pak alleges that the Church Defendants intentionally interfered with Paul's Pak's contractual relations with Andrew Smith. In order to state a claim for intentional interference with contract, one must plead: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage."[2] *Quelimane Co., Inc. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 55 (1998) (quoting *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990)). Intentional interference may be found when "the actor does not act for the purpose of interfering with the contract or desire it but knows that the interference is certain or substantially certain to occur as a result of his action." *Id.* at 56.

The SAC contains sufficient factual allegations to establish: (1) a valid contract between Paul's Pak and Andrew Smith, SAC ¶ 110; (2) the Church Defendants' knowledge of this contract, *id.* at ¶ 111; (3) the Church Defendants' intentional act of causing Paul's Pak to sign a waiver that it knew was substantially certain to disrupt the contractual relationship between Paul's Pak and Andrew Smith, *id.* at ¶ 112; (4) actual disruption of the contractual relationship between Paul's Pak and Andrew Smith, *id.* at ¶ 114; and (5) resulting damage, *id.* at ¶ 115.[3]

---

[2] Based on the briefs of both parties filed with respect to the earlier motion to dismiss Paul's Pak's FAC, the court stated in its November 16, 2009 order that Paul's Pak must plead an interfering act that is "wrongful by some legal measure other than the fact of interference itself." *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 393 (1995). This statement is incorrect as a matter of law. Though an independent wrongful act is required to state a claim for intentional interference with *prospective* contractual or economic advantage, it is not required to state a claim for intentional interference with *existing* contractual relations. *Quelimane Co., Inc. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 55 (1998).

[3] The SAC also states that the Church Defendants tried to circumvent Paul's Pak's role in the supply chain by attempting to purchase produce directly from Andrew Smith. SAC ¶ 113. This does not provide a separate basis for stating a claim for intentional interference with contract since it does not appear that any damages resulted from this conduct.

Though these elements have been adequately pled in the SAC, it appears to the court that Paul's Pak may not have standing to bring an intentional interference of contract claim against the Church Defendants because the alleged misconduct by the Church Defendants caused *Paul's Pak* (not Andrew Smith) to act in a way that disrupted its own contractual relationship with Andrew Smith. It seems that only Andrew Smith, not Paul's Pak, would have standing to bring such an interference claim. However, neither the Church Defendants nor Paul's Pak have addressed this issue in their briefs. Accordingly, the court will not dismiss this claim at this time.

### D. Rule 11 Sanctions

The Church Defendants move for sanctions under Federal Rule of Civil Procedure 11, alleging that the counterclaims asserted against them in the SAC are frivolous and presented for an improper purpose. Although the claims against True Leaf appear to be questionable, the relationship between the parties is not clear enough for the court to find that the claims against True Leaf are made in bad faith. Moreover, the court notes that the Church Defendants' argument regarding the lack of a direct relationship between True Leaf and Paul's Pak was raised only in its reply brief in the motion for sanctions and was not raised as a basis for dismissing the counterclaims against True Leaf in their motion to dismiss the SAC. The court finds that the counterclaims are not frivolous and finds no evidence that they were presented for an improper purpose. Accordingly, the court denies the Church Defendants' motion for sanctions.

Paul's Pak asks the court to award it the reasonable expenses, including attorney's fees, it incurred in opposing the Rule 11 motion. The court denies Paul's Pak's request for attorney's fees given the marginal nature of the sufficiency of Paul's Pak's counterclaims against the Church Defendants.

## III. ORDER

For the foregoing reasons, the court:

1. denies the motion to dismiss Counts Two through Sixteen of the SAC;
2. denies the Church Defendants' motion for sanctions; and
3. denies Paul's Pak's motion for attorney's fees.

DATED: 3/8/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Jan Leslie Kahn  jkahn@kschanford.com
Ann Marguerite Grottveit  agrottveit@kscsacramento.com

**Counsel for Defendants:**

Effie F. Anastassiou  effieesq@salinasaglaw.com
Clyde Charles Pearce  ccp@clydepearcelaw.com
Edward William Smithers  ews@smitherslf.com
Mary Ann O'Hara  mao@smitherslf.com
Stephen P. McCarron  smccarron@mccarronlaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 3/8/10

CCL
**Chambers of Judge Whyte**

ORDER DENYING MOTION TO DISMISS PAUL'S PAK, INC.'S SECOND AMENDED COUNTERCLAIM AND FOR SANCTIONS—No. C-08-04802 RMW
CCL  9