**E-FILED on**    6/14/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW SMITH COMPANY, a general partnership,<br><br>        Plaintiff,<br><br>    v.<br><br>PAUL'S PAK, INC.; PREMIUM FRESH FARMS, LLC; PDP & ASSOCIATES, LLC; AG HARVESTING & TECHNOLOGIES, LLC; ESV INVESTMENTS, LLC; SALVADOR PAUL TARANTINO; PAUL S. TARANTINO; JOHN L. SIMMONS; EMMIT L. PFOST; JACK PARSON; STEVEN A. CINELLI; JOHN D. TAMAGNI; ROBERT ELLIOTT; JAMES S. TAMAGNI; RICHARD TAMAGNI; STEVE CHURCH; THOMAS CHURCH; DAVID GILL; CHURCH BROTHERS, LLC; and TRUE LEAF FARMS, LLC,<br><br>        Defendants. | No. C-08-04802 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART PAUL'S PAK, INC. AND SALVADOR TARANTINO'S MOTION TO DISMISS CHURCH BROTHERS, LLC'S COUNTERCLAIM<br><br>[Re Docket No. 174] |

    Plaintiff Andrew Smith Company ("Andrew Smith") has sued a network of defendants, including Paul's Pak, Inc. ("Paul's Pak"), Salvador Tarantino, and Church Brothers, LLC ("Church Brothers") among many others, because it has not been paid for over three million dollars worth of lettuce. Paul's Pak has counterclaimed against a subset of defendants, including Church Brothers. Church Brothers has counterclaimed against Paul's Pak and Salvador Tarantino. Paul's Pak and

Tarantino now move to dismiss Church Brothers' Counterclaim. For the following reasons, the court grants the motion in part and denies the motion in part.

## I. BACKGROUND

The following facts are alleged in Church Brothers' Counterclaim. Beginning in 2005, Andrew Smith entered into contracts to sell lettuce to Paul's Pak, who in turn supplied lettuce ("Premium Produce") to Premium Fresh Farms, LLC ("Premium Fresh"). *See* Countercl. ¶¶ 10, 11. In 2007, Premium Fresh entered into two separate agreements with True Leaf Farms, LLC ("True Leaf") to process and package, and Church Brothers to market and sell, Premium Fresh's pre-made salads. *See id.* ¶¶ 15, 17, 20. Under the terms of the marketing agreement, Church Brothers was required to remit net proceeds to Premium Fresh. *See id.* ¶ 21. Paul's Pak also entered into a written contract directly with Church Brothers to supply Church Brothers directly with lettuce ("Church Produce"). *See id.* ¶ 18. Under the terms of this contract, Church Brothers was required to pay Paul's Pak directly for the Church Produce. *See id.*; Second Am. Compl. ("SAC") Ex. 10.

On February 4, 2008, Salvador Tarantino signed a waiver agreement on behalf of both Paul's Pak and Premium Fresh ("Waiver Agreement"), which provided in part:

> If the Premium Fresh and Church Brothers marketing deal terminates for any reason, Premium Fresh and Paul's Pak agree that all vendors except for Paul's Pak will be paid in full by Church Brothers from the Premium Fresh sales proceeds. Once all vendors (including True Leaf and Church Brothers) have been fully paid (invoices from November 24th invoices and on) from sales proceeds, any additional money remaining will be remitted to Premium Fresh who will than [sic] pay Paul's Pak. Church Brothers will not be responsible for any unpaid Paul's Pak raw product invoices. Paul's Pak will waive all PACA rights related to these unpaid invoices and will agree that such invoices will be collected from Premium Fresh directly.

Countercl. ¶¶ 26, 29. Under the Waiver Agreement, Church Brothers paid Premium Fresh approximately $25,000 per week, ultimately making payments totaling approximately $420,000. *Id.* ¶¶ 27, 31.

On or about October 2008, Andrew Smith stopped supplying Paul's Pak with lettuce, causing Paul's Pak and Premium Fresh to cease operations. *Id.* ¶¶ 32-34. All vendors other than Premium Fresh and Paul's Pak were paid out of net sales proceeds. *Id.* ¶ 36. After these vendors were paid, no funds remained to distribute to Premium Fresh for payment to Paul's Pak. *Id.* ¶ 54.

On October 21, 2008, Andrew Smith filed suit against Paul's Pak, Premium Fresh, Church Brothers, True Leaf, and others for debts allegedly owed to Andrew Smith. Countercl. ¶¶ 38-40. Paul's Pak subsequently filed a counterclaim against Church Brothers, alleging that Church Brothers owed Paul's Pak $496,022.85 for Church Produce. *Id.* ¶¶ 42-43.

## II.  ANALYSIS

Paul's Pak and Tarantino argue that Church Brothers' Counterclaim should be dismissed because: (1) it fails to satisfy the Federal Rules of Civil Procedure; (2) it is a disguised malicious prosecution counterclaim; (3) it is a disguised motion for reconsideration; and (4) it fails to state a claim upon which relief can be granted.

### A.  Procedural Requirements

Paul's Pak contends that Church Brothers' Counterclaim fails to meet the requirements for a compulsory counterclaim because it does not arise out of the same transaction or occurrence that is the subject matter of Paul's Pak's claim against Church Brothers. However, Church Brothers may bring a permissive counterclaim against Paul's Pak, regardless of whether the counterclaim arises out of the same transaction or occurrence. *See* Fed. R. Civ. P. 13(b).

Tarantino argues that Church Brothers cannot bring a counterclaim against Tarantino because Tarantino has not brought a claim against Church Brothers. Technically, Tarantino is correct that a counterclaim can only be brought against an opposing party, not a co-defendant. *See* Fed. R. Civ. P. 13. However, Church Brothers may bring a crossclaim against a coparty "if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g). Church Brothers' claims against Tarantino are based on Tarantino's alleged representation that Paul's Pak would perform its obligations under the Waiver Agreement to subordinate any right to payment to the rights of other vendors. These claims both arise out of an occurrence that is the subject matter of the original action and relate to property that is the subject matter of the original action. *See* SAC ¶ 43. Thus, Church Brothers may bring these claim against Tarantino (though they are technically crossclaims rather than counterclaims).

### B. Malicious Prosecution

Paul's Pak and Tarantino assert that Church Brothers' Counterclaim is merely a malicious prosecution claim in disguise because all of the counterclaims alleged are based on the fact that Paul's Pak brought counterclaims against Church Brothers. Because a malicious prosecution claim requires one to plead and then prove that a prior judicial proceeding terminated in his favor, "a defendant cannot cross-complain or counterclaim for malicious prosecution in the first or main action since a claim cannot state a cause of action at that stage of the proceeding." *Babb v. Super. Ct.*, 3 Cal. 3d 841, 846 (1971) (citations omitted).

In this case, Church Brothers have not asserted a malicious prosecution claim against Paul's Pak or Tarantino. The counterclaims asserted are for breach of contract, fraud, negligent misrepresentation, and specific performance. These counterclaims are not barred by *Babb*.

### C. Motion for Reconsideration

Paul's Pak and Tarantino argue that because Church Brothers seek an order finding that Paul's Pak's claims against Church Brothers and True Leaf have been waived, Church Brothers' Counterclaim is really a disguised motion for reconsideration. Since the court has not yet ruled on the validity or scope of any waiver agreement, there is no court order which the Church Brothers could be improperly asking the court to reconsider.

### D. Failure to State a Claim

#### 1. Breach of Contract

Church Brothers alleges that Paul's Pak breached the Waiver Agreement "by seeking recoupment from Church Brothers for monies allegedly owed under various contracts and PACA, despite Paul's Pak's express waiver of those claims under the Waiver Agreement." Countercl. ¶ 55. As Paul's Pak points out, the Waiver Agreement does not prohibit Paul's Pak from filing a claim against Church Brothers that challenges the validity and scope of the Waiver Agreement. *See id.* ¶ 29. Thus, the act of filing a counterclaim against Church Brothers that disputes the validity and scope of the Waiver Agreement does not constitute a breach of the Waiver Agreement. Accordingly, Church Brothers has failed to state a claim for breach of contract.

### 2. Fraud (Intentional Misrepresentation and Non-Disclosure)

Church Brothers alleges that Paul's Pak and Tarantino committed fraud by promising to subordinate any right to payment to the right of all other vendors to be paid first and to waive all PACA rights relating to unpaid invoices when they had no intent to keep this promise. *See* Countercl. ¶¶ 58-60. According to Church Brothers, Paul's Pak and Tarantino sought to induce Church Brothers to advance money to Premium Fresh by making this promise which they did not intend to keep and failing to disclose their intent not to keep this promise. *See id.* ¶¶ 61-62.

The elements for a claim of fraud are: misrepresentation, knowledge of falsity, intent to induce reliance, justifiable reliance, and resulting damage. *See Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996). Paul's Pak and Tarantino argue that Church Brothers' Counterclaim fails to state a claim for fraud because it does not plead facts showing knowledge of falsity or intent to induce reliance with sufficient particularity. Federal Rule of Civil Procedure Rule 9(b) requires a party to state with particularity the circumstances constituting fraud but permits general allegations of knowledge, intent, and other conditions of a person's mind. Thus, the Counterclaim's general allegations of knowledge of falsity and intent to induce reliance are sufficient. *See* Countercl. ¶¶ 60-61.

Paul's Pak and Tarantino also contend that there can be no viable fraud claim based on the alleged non-disclosures because there was no duty to disclose the intent not to perform the promise. However, "a duty of disclosure . . . may exist when one party to a transaction has sole knowledge or access to material facts and knows that such facts are not known to or reasonably discoverable by the other party." *Goodman v. Kennedy*, 18 Cal. 3d 335, 347 (1976). Whether Paul's Pak intended to perform its obligations under the Waiver Agreement was a material fact not known or reasonably discoverable by Church Brothers. Hence, Church Brothers may have a viable fraud claim based on non-disclosures.

Finally, Paul's Pak and Tarantino seek dismissal of the fraud claim on the basis that they never promised not to file a counterclaim against Church Brothers. However, the misrepresentation that is alleged is their promise that Paul's Pak would subordinate any right to payment to the right of all other vendors to be paid first and would waive all PACA rights relating to unpaid invoices. If this promise was made without any intention to perform, it constitutes an implied misrepresentation

Case 5:08-cv-04802-RMW   Document 188   Filed 06/14/10   Page 6 of 7

of fact. *See Lazar*, 12 Cal. 4th at 638. The fact that Paul's Pak filed a counterclaim against Church Brothers to recover money that it had allegedly promised to waive its rights to recover is indicative of the fact that it never intended to keep its promise. The court therefore finds that Church Brothers has adequately stated a claim for fraud.

### 3. Negligent Misrepresentation and Non-Disclosure

Church Brothers does not oppose dismissal of its claim for negligent misrepresentation and non-disclosure. The court therefore dismisses this claim.

### 4. Specific Performance

Church Brothers seeks specific performance of the Waiver Agreement, including: (1) an order finding that Paul's Pak's claims against Church Brothers and True Leaf have been waived under the Waiver Agreement, and (2) an order compelling Paul's Pak to comply with the terms of the Waiver Agreement. Paul's Pak argues that this request for relief is inappropriate because it would require Paul's Pak to dismiss its counterclaim against Church Brothers. However, if Church Brothers is able to prevail at trial by proving that the Waiver Agreement is valid and waives Paul's Pak's claims against Church Brothers, Paul's Pak's counterclaim against Church Brothers would necessarily fail. Thus, the relief requested does not appear to be inappropriate.

## III. ORDER

For the foregoing reasons, the court grants Paul's Pak and Tarantino's motion to dismiss Church Brothers' claims for breach of contract and for negligent misrepresentation and non-disclosure and denies the motion to dismiss in all other respects.

DATED:     6/14/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PAUL'S PAK, INC. AND SALVADOR TARANTINO'S MOTION TO DISMISS CHURCH BROTHERS, LLC'S COUNTERCLAIM—No. C-08-04802 RMW
CCL                                6

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Jan Leslie Kahn             jkahn@kschanford.com
Ann Marguerite Grottveit    agrottveit@kscsacramento.com

**Counsel for Defendants:**

Effie F. Anastassiou        effieesq@salinasaglaw.com
Clyde Charles Pearce        ccp@clydepearcelaw.com
Edward William Smithers     ews@smitherslf.com
Mary Ann O'Hara             mao@smitherslf.com
Stephen P. McCarron         smccarron@mccarronlaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     6/14/10                              CCL
                                            **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California

ORDER GRANTING IN PART AND DENYING IN PART PAUL'S PAK, INC. AND SALVADOR TARANTINO'S MOTION TO DISMISS CHURCH BROTHERS, LLC'S COUNTERCLAIM—No. C-08-04802 RMW
CCL                                         7