**\*E-FILED 11-08-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW SMITH COMPANY,<br><br>       Plaintiff,<br>   v.<br><br>PAUL'S PAK, INC.; PREMIUM FRESH FARMS, LLC; PDP & ASSOCIATES, LLC; AG HARVESTING & TECHNOLOGIES, LLC; ESV INVESTMENTS, LLC; SALVADOR PAUL TARANTINO; PAUL S. TARANTINO; JOHN L. SIMMONS; EMMIT L. PFOST; JACK PARSON; STEVEN A. CINELLI; JOHN D. TAMAGNI; ROBERT ELLIOTT; JAMES S. TAMAGNI; RICHARD TAMAGNI; STEVE CHURCH; THOMAS CHURCH; DAVID GILL; CHURCH BROTHERS, LLC; and TRUE LEAF FARMS, LLC,<br><br>       Defendants.<br>_____/ | No. C08-04802 RMW (HRL)<br><br>**ORDER DENYING DEFENDANT PAUL'S PAK, INC.'S MOTION TO COMPEL AND MOTION FOR SANCTIONS**<br><br>[Re:   Docket Nos. 206, 207] |

   Before this court are a motion to compel documents and a motion for sanctions filed by defendant Paul's Pak, Inc. (Paul's Pak) against defendants Church Brothers, LLC (Church Brothers), True Leaf Farms, LLC (True Leaf), Tom Church, Steve Church and David Gill (collectively, "Church Parties"). The Church Parties oppose the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court denies both motions.[1]

_____

   [1] For the first time at the hearing, Paul's Pak raised an issue which was not presented in its discovery motions. The gist of the matter appears to be that Paul's Pak is offended that the Church Parties will not agree to let an office clerk from Paul's Pak's

(In left margin: **United States District Court** For the Northern District of California)

1    Preliminarily, this court notes that, upon review of Paul's Pak's moving papers, it was
2 difficult to tell what discovery was being sought and why. It was not until the court read the
3 reply papers that Paul's Pak started to make *some* sense. As this court understands it, based on
4 Paul's Pak's very confusing explanation of the facts, the crux of this litigation concerns
5 payments that various parties claim they are owed for lettuce. Plaintiff Andrew Smith Co. sues
6 to recover some $3 million. Defendant Paul's Pak, a produce supplier that went out of business,
7 claims that it is owed approximately $500,000. Paul's Pak seems to contend that the Church
8 Parties conspired to take over the business of defendant Premium Fresh (also defunct) without
9 assuming Premium Fresh's outstanding debts to others, including Paul's Pak.

10   At the threshold, the procedural issue is that Paul's Pak's discovery motions were filed
11 too late. The record indicates that the deadline for written discovery was May 31, 2010. Paul's
12 Pak's discovery motions were not filed until July 30, 2010—nearly two months too late. *See*
13 CIV. L.R. 26-2. No sufficient reason was given why the motions were filed late or why Paul's
14 Pak did not seek extension of time to file it. At the motion hearing, Paul's Pak's counsel stated
15 that Judge Whyte recently had extended several deadlines, but then later acknowledged that the
16 written discovery deadline was not one of them. Nevertheless, this court is disinclined to deny
17 what might be legitimate discovery inquiries on the basis of a procedural misstep. Accordingly,
18 this court has endeavored to make sense of Paul's Pak's motions and examined the merits of the
19 dispute to see if any further discovery is warranted. As discussed below, this court does not
20 find a basis to grant either one of Paul's Pak's motions.

21 A.   Dispute re Service of Discovery Documents

22   Paul's Pak complains that the Church Parties have not produced discovery documents to
23 Paul's Pak at the same time they provided documents to other parties, in violation of Fed. R.
24 Civ. P. 5(a)(1)(c). On a seemingly related note, Paul's Pak says that it did, in fact, receive
25 discovery documents from the Church Parties, but nonetheless complains that the Church

26

27 attorney's office go to Kinko's to copy the Church Parties' documents. The Church Parties
reportedly have expressed concern that documents have been or will be lost or doctored.
28 Paul's Pak's belated request for relief on this matter, which was not properly raised or
briefed, is denied.

2

1  Parties charged Paul's Pak for the copying costs. Paul's Pak said that it previously gave all
2  parties copies of discovery documents free of charge; and, Paul's Pak initially seemed to argue
3  that the Church Parties should reciprocate. However, in its reply brief, Paul's Pak now says that
4  since Church Brothers insists that Paul's Pak pay for all copying costs of all discovery
5  documents, Paul's Pak is now also insisting on payment from Church Brothers for all discovery
6  documents. Paul's Pak apparently having decided that turnabout is fair play, it is not clear what
7  Paul's Pak would have this court do about this matter. Whatever relief Paul's Pak seeks with
8  respect to this issue therefore is denied.

B.  Identification of Documents Produced

Claiming that the Church Parties failed to produce documents as they are kept in the ordinary course of business, Paul's Pak moves for an order compelling the Church Parties to identify what documents are responsive to each of Paul's Pak's requests. "A party must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i) (emphasis added). The Church Parties represent that all documents have been produced as maintained in the ordinary course of business, including marketing, accounting, sales, and True Leaf documents. (*See, e.g.,* Brown Decl., ¶¶ 13-17, 29). Although Paul's Pak disagrees, it has not managed to persuade that the Church Parties should now be ordered to organize and label their documents to correspond to Paul's Pak's requests. Paul's Pak's motion as to this issue is denied.

C.  Dispute re Document Inspections

Relatedly, Paul's Pak complains that the Church Parties refused to identify what documents would be made available for inspection at the Church Brothers' premises. Paul's Pak also seems to contend that the Church Parties failed to permit inspection as requested. But Paul's Pak does not explain what documents (other than some allegedly missing file jackets) it was not permitted to inspect, or what documents should have been (but were not) pulled for review. And, the inspections did go forward. Paul's Pak's motion on this issue is denied.

D. <u>Requests 88-89 and 93-94 to Church Brothers</u>

These requests seek board meeting minutes and shareholder meeting minutes referencing the parties to this litigation; documents referring to the transactions between Paul's Pak and Church Brothers as alleged in plaintiff Andrew Smith Company's complaint; and documents referring to the transactions between Premium Fresh and Church Brothers as alleged in plaintiff Andrew Smith Company's complaint. Paul's Pak moved for an order compelling Church Brothers to produce documents for the time period December 1, 2006 to December 31, 2008, claiming that Church Brothers impermissibly and unilaterally limited the timeframe for production to the somewhat shorter period from April 2007 to October 2008. The record, however, reflects that in a June 16, 2010 meet-and-confer letter (i.e., well before Paul's Pak filed the instant motion), the Church Parties agreed to Paul's Pak's timeframe. (Opp. at 9). The Church Parties say that all nonprivileged responsive documents have been produced.

At the motion hearing, Paul's Pak's counsel asserted that not all requested minutes had been produced, but when pressed by this court, later stated that she did not know for a fact that any documents were missing. Paul's Pak also complained that the Church Parties redacted portions of the minutes that were produced. Paul's Pak then claimed that it sent a letter to the Church Parties taking issue with the redactions, but that the Church Parties refused to respond. After the Church Parties' counsel denied ever receiving such a letter, Paul's Pak seemed to acknowledge that no such letter had been sent.

Paul's Pak's motion as to these requests is denied.

E. <u>Requests 48-51 and 65-67 to True Leaf</u>

These requests seek documents that refer to the following True Leaf activities re defendant Premium Fresh's produce: (a) vacuum cooling; (b) loading of produce onto trucks for shipment; (c) promise to supply cooling and loading services to all its customers fairly and equally, not giving priority to other customers over Premium Fresh; (d) compliance with the highest industry standards; (e) compliance with applicable food safety laws; (f) compliance with the California Leafy Greens Marketing Agreement; and (g) compliance with the requirements of the California Department of Weights and Measures. The Church Parties say that Paul's Pak

4

1   has no standing to challenge the propriety of True Leaf's handling, cooling, storage, or
2   compliance with laws that are not at issue in this case.  And, even if Paul's Pak had standing,
3   the Church Parties say that True Leaf has already produced or made available for inspection all
4   responsive documents concerning all amounts charged by True Leaf to Premium Fresh,
5   including charges for rent, labor and cooling.  Paul's Pak has not clearly articulated what further
6   documents, if any, should be produced.  Its motion as to these requests is denied.

7   F.     <u>Financial Documents</u>

8         Paul's Pak moves for an order compelling True Leaf to produce documents responsive
9   to Requests 20-24 and 34-36 and compelling Church Brothers to produce documents responsive
10  to Requests 42-46 and 90-92.  These requests essentially seek True Leaf's and Church Brothers'
11  profit and loss statements, income and expense statements, accounts receivable, accounts
12  payable, and all financial statements from 2005 to 2008.  Church Brothers and True Leaf state
13  that they have "produced <u>all</u> financial documents in their possession, custody, or control
14  concerning the specific transactions at issue in this case." (Opp. at 13).  And, Paul's Pak has
15  failed to convincingly explain why it is entitled to discovery of their overall financial picture.
16  Paul's Pak's motion to compel as to these requests is denied.

17  G.     <u>Church Parties' Communications</u>

18        Paul's Pak moves to compel with respect to Requests 42-47 to True Leaf and Requests
19  102-107 to Church Brothers.  These requests essentially seek True Leaf's and Church Brothers'
20  communications with others concerning (a) their relationships with former customers of
21  Premium Fresh and Paul's Pak; (b) their contracts with former customers of Premium Fresh and
22  Paul's Pak; and (c) their contacts with former customers of Premium Fresh and Paul's Pak.
23  Paul's Pak asserts that the documents sought from True Leaf are relevant to damages and its
24  claims for intentional interference with contractual relations.  Paul's Pak complains that Church
25  Brothers limited production to sales documents under the marketing agreement between Church
26  Brothers and Premium Fresh.  The Church Parties say that, during meet-confer negotiations,
27  they pointed out that Paul's Pak's complaint identifies only Premium Fresh as a "primary"
28  customer.  In response Paul's Pak reportedly provided a list of over 150 "former customers" of

1  Paul's Pak and Premium Fresh. The Church Parties argue that these requests are unlimited in
2  time, vague as to the terms "contracts" and "relationships," and that the burden imposed by
3  Paul's Pak's identification of over 150 entities far outweighs any benefit to Paul's Pak.

4  Paul's Pak's motion as to these requests is denied. Paul's Pak has not convincingly
5  demonstrated that the burden or expense of the discovery sought outweighs its likely benefit,
6  considering the needs of the case, the amount in controversy, the parties' resources, the
7  importance of the issues at stake, and the importance of the discovery in resolving those issues.
8  FED.R.CIV.P. 26(b)(2)(C)(iii).

9  H.    Request 12 to True Leaf

10  This request essentially seeks all documents relating to the business relationship
11  between Church Brothers and True Leaf. At oral argument, Paul's Pak acknowledged that it
12  has already received considerable information on this topic in discovery. Nevertheless, Paul's
13  Pak stated that obtaining additional documents relating to the relationship between Church
14  Brothers and True Leaf would be the "icing on the cake." Paul's Pak's motion as to this request
15  is denied. The request, as drafted, is vague and overbroad; and Paul's Pak has not convincingly
16  explained why it is entitled to the requested discovery or how the proportionality and other
17  requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.

18  I.    Requests 80-87 and 95-101 to Church Brothers

19  These requests seek documents (some for an unlimited period; others for the period from
20  October 2004 to November 2008) relating to a host of subjects including, Premium Fresh's
21  financial status; Paul's Pak's financial status; Church Brothers' communications with other
22  parties to this litigation re Paul's Pak's failure to make timely payments to plaintiff; Church
23  Brothers' communications with any person concerning various topics; and transactions between
24  Church Brothers and Paul's Pak.

25  Church Brothers argues that these requests are overbroad as to time because Paul's Pak
26  does not allege that Church Brothers was involved in the events at issue in this litigation at any
27  time prior to November 2007. Church Brothers says that it has produced or made available all
28  responsive documents from the period April 2007 (when Paul's Pak says True Leaf became

involved) through October 2008 (the filing of the complaint). Paul's Pak has not explained why it is entitled to documents from 2004 or for an unlimited period. Paul's Pak's motion as to these requests is denied.

J.  Requests 58-59, 77-78 to Church Brothers

These requests seek all documents referring to letter correspondence and wire correspondence as to the Church produce; and all ledger records in which purchases and sales of the Church produce can be verified. Church Brothers says that it has already produced or made available for inspection all responsive documents. Paul's Pak has failed to convince that there are responsive documents that have not been produced or made available for inspection. Paul's Pak's motion to compel as to these requests is denied.

K.  Requests 138-139 to Church Brothers

These requests seek all ledger records in which purchases and sales of Premium Fresh's produce can be verified. Church Brothers says that it agreed to produce ledger records with respect to receipts and distributions under its agreement with Premium Fresh. Church Brothers says that it has done so. Paul's Pak has failed to articulate with any clarity why it is entitled to any documents beyond those that Church Brothers had already produced or made available for inspection.

L.  Paul's Pak's Motion for Sanctions

Paul's Pak has not shown that Church Brothers failed to comply with its reasonably construed discovery obligations. Indeed, Paul's Pak motion to compel presented sometimes incomprehensible argument, exaggeration, and, in certain instances, broad assertions that, upon examination, were not supported by actual facts. Rarely has this court seen such sweeping assertions made without support in record. This court finds no basis for imposing sanctions on the Church Parties. Paul's Pak's motion for sanctions is denied.

SO ORDERED.

Dated:   November 8, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

7

5:08-cv-04802-RMW Notice has been electronically mailed to:

Ann Marguerite Grottveit    agrottveit@kscsacramento.com, agrottveit@kscsacramento.com, lsimms@kscsacramento.com

Clyde Charles Pearce    ccp@clydepearcelaw.com, ccp@clydepearcelaw.com

Edward William Smithers    ews@smitherslf.com

Effie F. Anastassiou    effieesq@salinasaglaw.com, johnesq@salinasaglaw.com, karliesq@salinasaglaw.com, legalsecretary@salinasaglaw.com, paralegal@salinasaglaw.com, receptionist@salinasaglaw.com

Jan Leslie Kahn    jkahn@kschanford.com, jbettencourt@kschanford.com, madney@kschanford.com, pavila@kschanford.com

Mary Ann O'Hara    mao@smitherslf.com

Stephen P. McCarron    smccarron@mccarronlaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.