**E-filed on:** **10/5/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW SMITH COMPANY, a general partnership,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>PAUL'S PAK, INC.; PREMIUM FRESH FARMS, LLC; PDP & ASSOCIATES, LLC; AG HARVESTING & TECHNOLOGIES, LLC; ESV INVESTMENTS, LLC; SALVADOR PAUL TARANTINO; PAUL S. TARANTINO; JOHN L. SIMMONS; EMMIT L. PFOST; JACK PARSON; STEVEN A. CINELLI; JOHN D. TAMAGNI; ROBERT ELLIOTT; JAMES S. TAMAGNI; RICHARD TAMAGNI; STEVE CHURCH; THOMAS CHURCH; DAVID GILL; CHURCH BROTHERS, LLC; and TRUE LEAF FARMS, LLC,<br><br>　　　　　Defendants. | No. C-08-04802 RMW<br><br>ORDER GRANTING PAUL'S PAK, INC.'S MOTION TO STRIKE PREMIUM FRESH FARMS, LLC.'S ANSWER TO PAUL'S PAK, INC.'S SECOND AMENDED COUNTERCLAIM |

　　　　Defendant, counter-claimant, and counter-defendant Paul's Pak, Inc. ("Paul's Pak") moves to strike the answer of Premium Fresh Farms, LLC ("Premium Fresh") to Paul's Pak's second amended counterclaim. Premium Fresh has filed no opposition to the motion. The motion is granted as explained below.

　　　　Paul's Pak filed its first amended counterclaim on June 5, 2009. On June 23, 2009, Premium Fresh filed an answer to the first amended counterclaim. Paul's Pak filed a second amended

counterclaim on December 3, 2009, but did not change any of the allegations against Premium Fresh. Premium Fresh did not answer the second amended counterclaim, and Paul's Pak did not seek default judgment.

On November 17, 2010, the court found that Paul's Pak was entitled to judgment as a matter of law in favor of its claim for breach of the 2007 Agreement by Premium Fresh. In that order, the court declined to consider failure to mitigate damages as a defense to the breach of contract claim because failure to mitigate damages had not been raised as an affirmative defense in Premium Fresh's answer to the first amended counterclaim. On November 18, 2010, after partial summary judgment had been granted and more than nine months after an answer would have been due under the Rules of Civil Procedure, Premium Fresh filed an answer to Paul's Pak's second amended counterclaim. The amended answer attempts to raise twenty-four new affirmative defenses, including failure to mitigate damages, which the court declined to consider in its summary judgment order, and waiver, which the court considered and rejected in its summary judgment order.

Federal Rule of Civil Procedure 12(f) permits the court the strike any pleading filed beyond the time permitted by the Rules of Civil Procedure if the pleader failed to obtain an extension or leave from the court to file the pleading late. *See Canady v. Erbe Elektromedizin*, 307 F. Supp. 2d 2, 7-8 (D.D.C. 2004). Motions to strike are disfavored. *Id.* However, the court has already considered and granted summary judgment on the issues pled in the second amended counterclaim. It is simply too late for Premium Fresh now to raise new affirmative defenses, particularly issues that were raised and rejected at summary judgment because they had not been pled. The motion to strike is granted.

DATED:      10/5/11

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING MOTION TO STRIKE SECOND AMENDED ANSWER
C-08-04802
MEC                                             2